# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-cv-21901-ALTMAN

**ELIZABETH K. RICHERT**,

    *Debtor-Appellant,*

*v.*

**JACQUELINE CALDERIN**, *et al.*,

    *Appellees.*

_____/

## <u>ORDER DENYING MOTION</u>

Our *pro se* Debtor-Appellant, Elizabeth K. Richert, has re-raised her Motion to Withdraw the Reference to the Bankruptcy Court [ECF No. 37]. Last time, we denied her Motion [ECF No. 14] because she didn't bother making any legal argument for the relief she sought. *See* Order Denying Motion to Withdraw [ECF No. 16]. Unfortunately, she's done—or, rather, failed to do—exactly the same thing this time. The only difference is that, to get around her failure to advance any legal argument, she wants to incorporate her Appellant's Brief [ECF No. 38] into her Motion by reference. We won't indulge her.

## THE LAW

"*[P]ro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), but that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . Judges cannot and must not fill in the blanks for *pro se*

litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

The Motion is denied for two reasons. *First*, by incorporating her Appellant's Brief into her Motion, the Appellant is transparently attempting to circumvent our page limits. Under our Local Rules, motions must incorporate a memorandum of law citing supporting authorities, *see* L.R. 7.1(a)(1), and that memorandum is limited to *twenty* pages, *see* L.R. 7.1(c)(2). The Appellant's Brief is *thirty-nine* pages and *likewise* tries to incorporate by reference filings the Appellant made in her underlying bankruptcy. *See, e.g.*, Appellant's Br. at 5 n.9 (referring us to "Richert's Combined (Qualified Objection to Expedited Motion to Sell Debtor's Arizona Property" and her "Objection to Trustee's Amended First Interim Application of Agentis PLLC for Allowance and Compensation and Reimbursement of Expenses for Trustee" for an explanation of why the Trustee "violate[d]" *In re Sylvester*, 23 F.4th 543, 549 (5th Cir. 2022)). As other courts in our Circuit have observed, this incorporation-by-reference practice "serves only to circumvent the Local Rules and lead the Court through a paper maze of filings." *Murdock v. Am. Mar. Off. Union Nat'l Exec. Bd.*, 2022 WL 18024476, at *2 (S.D. Fla. July 13, 2022) (Scola, J.); *see also Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1253 (M.D. Fla. 2012) (Dalton, J.) ("[I]ncorporation by reference is improper, and it foists upon the Court the burden of sifting through irrelevant materials to find the materials referenced while permitting the movant to circumvent this Court's page limit requirement."), *aff'd*, 505 F. App'x 928 (11th Cir. 2013); *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1167 n.4 (11th Cir. 2004) ("By attempting to 'incorporate' all of the arguments it made below, [the party] attempts, in effect, to add twenty-five additional pages of lower court briefing to its forty-two page appellate brief. This makes a mockery of our rules governing page limitations and length[.]").

2

The Appellant's Brief is particularly egregious in that its Argument section, which is barely half a page, includes just *one* (inapposite) case cite and otherwise states that "the argument is woven throughout [the] Statement of Facts." Appellant's Br. at 37–38. The Statement of Facts, for its part, comprises *thirty-seven* of the *thirty-nine* pages of the brief, and it's not subdivided. So, we had to read the entire thing to even begin to "ferret out and review any and all [meritorious] arguments . . . —without [the Appellant] *explaining* which ones may have merit[.]" *Consorcio Barr*, 377 F.3d at 1167 n.4 (emphasis added). Doing this to adjudicate a motion unrelated to the Brief was an enormous waste of this Court's time and energy. *See ibid.* "[P]age limit requirement[s] [are] not imposed to burden the parties." *Grate Pallet Sols.*, 845 F. Supp. 2d at 1253. Rather, they're "intended to focus the parties' attention on the most pressing matters and winnow the issues to be placed before the Court, thereby conserving judicial resources." *Ibid.* We warn the Appellant—who, though *pro se*, is a (disbarred) former attorney—that we'll strike future motions that attempt to repeat this incorporation-by-reference maneuver.

*Second*, absolutely nothing in the Appellant's Brief justifies withdrawing the reference to the Bankruptcy Court. District courts have original jurisdiction over all cases brought under Title 11. *See* 28 U.S.C. § 1334(a). Our District automatically refers all bankruptcy matters to the Bankruptcy Court. *See* Administrative Order 2012-25 ("Pursuant to 28 U.S.C. § 157(a), *any and all* cases under title 11 and *any and all* proceedings arising under title 11 or arising in or related to a case under title 11 *are referred* to the bankruptcy judges of this district.") (emphasis added)). Nevertheless, we "*may* withdraw" any proceeding referred to the bankruptcy court "*for cause shown.*" 28 U.S.C. § 157(d) (emphasis added).[1]

---

[1] Withdrawal is *mandatory* only in the unusual case in which, "on timely motion of any party," we determine that "resolution of [a bankruptcy] proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Several courts in our Circuit have held that withdrawal is also mandatory when we determine that a bankruptcy proceeding implicates "complicated interpretative issues, often of first impression . . . under non-Title 11 federal laws." *In re Fundamental Long Term Care, Inc.*, 2014 WL

"[W]hether to grant a motion for permissive withdrawal [for cause shown] is within the sound discretion of the district court." *Stok Folk + Kon, P.A. v. Fusion Homes, LLC*, 584 B.R. 376, 381–82 (S.D. Fla. 2018) (Cooke, J.) (cleaned up).[2] Congress hasn't defined or explained what "cause" justifies permissive withdrawal under 28 U.S.C. § 157(d), but cause "is not an empty requirement." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991). We may consider a variety of different factors and goals in deciding whether cause exists, including advancing uniformity in bankruptcy administration, decreasing forum shopping, efficiently using the resources of the courts and the parties, and avoiding delay. *See Stower v. Cornide*, 2023 WL 1100454, at *3 (S.D. Fla. Jan. 30, 2023) (Bloom, J.); *In re Armenta*, 2013 WL 4786584, at *1 (S.D. Fla. Sept. 6, 2013) (Cohn, J.) (citing *In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000)); *Stettin v. Centurion Structured Growth LLC*, 2011 WL 7413861, at *2 (S.D. Fla. Dec. 19, 2011) (Jordan, J.). We should also examine whether a party has demanded a jury trial in an adversary proceeding and whether the party's claims are non-core to bankruptcy, which tend to favor withdrawing the reference. *See Stower*, 2023 WL 1100454, at *3; *Armenta*, 2013 WL 4786584, at *1. The Appellant—as the movant—"bears the burden of justifying the withdrawal of the reference." *Slott v. Anan Enter., Inc.*, 2020 WL 8834712, at *2 (S.D. Fla. June 24, 2020) (Altman, J.) (citing *In re Wi-Sky Inflight, Inc.*, 483 B.R. 788, 792 (N.D. Ga. 2012)).

Permissive withdrawals are sharply disfavored in this District. "[I]t is the regular practice of the District Court to withdraw the reference," if at all, only in bankruptcy adversary proceedings and "for purposes of the jury trial only." *Slott*, 2020 WL 8834712, at *2 (first quoting Order on Motion to

---

4452711, at *1 (M.D. Fla. Sept. 9, 2014) (Kovachevich, J.); *BankUnited Fin. Corp. v. F.D.I.C.*, 436 B.R. 216, 220 (S.D. Fla. 2010) (Huck, J.). We're skeptical of this issue-of-first-impression condition because it isn't in the statute and has never been endorsed by the Eleventh Circuit. In any event, mandatory withdrawal is irrelevant here because the Appellant doesn't raise it in her Motion.

[2] *See also In re Palm Beach Fin. Partners, L.P.*, 2013 WL 3490652, at *4 (S.D. Fla. July 8, 2013) (Marra, J.) ("Here, the Court elects not to exercise its discretion to withdraw the reference at this time."); *In re Tousa, Inc.*, 2010 WL 1644456, at *3 (S.D. Fla. Apr. 19, 2010) (Cohn, J.) ("Section 157(d) affords the district court discretion to grant a permissive withdrawal for 'cause.'").

Withdraw Reference [ECF No. 5] at 2, *Brown v. Petaccio*, No. 18-cv-61222 (S.D. Fla. June 14, 2018) (Bloom, J.); and then quoting Order Withdrawing Reference for Jury Trial Only [ECF No. 10] at 3, *Ginsburg v. Enis*, No. 10-cv-62405 (S.D. Fla. July 14, 2011) (Zloch, J.) (noting that the "custom of this District" is to "withdraw the bankruptcy reference under § 157(d) for the sole and limited purpose of conducting a trial in this matter")). Even then, "[f]ederal courts routinely deny a party's request to withdraw the reference 'where the basis of the request is [solely] a party's entitlement to a jury trial,'" and not that that trial has become *imminent* or *ripe. Ibid.* (quoting *Tousa*, 2010 WL 1644456, at *5); *see also Fundamental Long Term Care*, 2014 WL 2882522, at *2 (S.D. Fla. June 25, 2014) ("Allowing the Bankruptcy Court to retain jurisdiction over pretrial matters does not abridge a party's Seventh Amendment right to a jury trial."); *Palm Beach Fin. Partners*, at *2, *4 (S.D. Fla. July 8, 2013) (denying motion to withdraw reference without prejudice to the defendant to refile the motion when "the case is ready to go to trial"); *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y. 1992) (noting that the "appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination *if* and *when* the case becomes trial ready" (emphasis added)).

Facing the well-settled custom in this District, we decline to withdraw this matter's reference to the bankruptcy court. For starters, there's no underlying adversary proceeding here in which any party could request a jury trial. Plus, even if we wanted to break from our District's custom (and we don't), the facts of the underlying bankruptcy here don't justify it. In the Appellant's own words, her Brief sets out "[an] extensive record" of alleged "break-ins" on her property "orchestrated" by the Appellees, as well as "the bankruptcy court's ongoing weaponization" of certain creditors against her. Mot. at 2. But the Appellant doesn't cite a single case—and we didn't find any—for the proposition that a party's broad dissatisfaction with her bankruptcy proceeding, or her belief that the bankruptcy

court is being unfair to her, justified withdrawing the reference. When a party loses before a lower court, it can appeal. That's what the Appellant has done here—and that's *all* she's entitled to do.

In many consumer bankruptcies, including this one, at least one party (usually the debtor) will come away unhappy with the process. If that alone justified withdrawing the reference, then bankruptcy courts would never adjudicate *any* consumer cases—and district courts would be inundated with them. In the end, we'd deprive ourselves of "the benefit of the bankruptcy court's experience in both the law and [these kinds of] facts, . . . leading to an inefficient allocation of judicial resources." *In re Rothstein, Rosenfeldt, Adler, P.A.*, 2012 WL 882497, at *4 (S.D. Fla. Mar. 14, 2012) (Marra, J.). We have the discretion, in other words, not to shoot ourselves in the foot.

We therefore **ORDER and ADJUDGE** as follows:

1. The Motion to Withdraw the Reference [ECF No. 37] is **DENIED with prejudice**.

2. The Motion to Expedite Ruling on the Motion to Withdraw the Reference [ECF No. 51] is **DENIED with prejudice**.

**DONE AND ORDERED** in the Southern District of Florida on January 21, 2025.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Elizabeth K. Richert, *pro se*
       counsel of record